JOSEPH R. BECERRA (State Bar No. 210709)
**BECERRA LAW FIRM**
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone:  (213) 542-8501
Facsimile:   (213) 542-5556
jbecerra@jrbecerralaw.com

TOREY JOSEPH FAVAROTE (State Bar No. 198521)
JING TONG (State Bar No. 285061)
**GLEASON & FAVAROTE LLP**
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone:  (562) 548-6700
Facsimile:   (562) 216-8495
tfavarote@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Plaintiffs Joseph D. Ornelas and
Rodney Alan Robinson, Jr., on behalf of
themselves and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. ORNELAS and RODNEY ALAN ROBINSON, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:19-cv-01814-JVS-SP<br>CLASS ACTION<br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES**<br>  1. **FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF LABOR CODE §§ 510, 558, 1194, 1198;**<br>  2. **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226; AND**<br>  3. **FAILURE TO PAY WAITING TIME PENALTIES IN VIOLATION OF LABOR CODE § 203.**<br>  4. **PRIVATE ATTORNEY GENERAL ACTION COMPLAINT FOR VIOLATION OF LABOR CODE § 2699, ET SEQ.**<br>**DEMAND FOR JURY TRIAL** |

|  |  |
|---|---|
| Judge: | Hon. James V. Selna |
| Ctrm.: | 10C |
| State Action Filed: | August 19, 2019 |
| Trial Date: | None |

Plaintiffs JOSEPH D. ORNELAS and RODNEY ALAN ROBINSON, JR. ("Representative Plaintiffs") allege as follows:

## PARTIES

1. Representative Plaintiff Ornelas is an individual who resides in California and was employed by defendant Target Corporation (hereinafter referred to as "Defendant" or "Target") in its Fontana, California Distribution Center during the Class Period. Representative Plaintiff Robinson is an individual who resides in California and was employed by Defendant in its Woodland, California Distribution Center during the Class Period.

2. Representative Plaintiffs are informed and believe, and based on such information and belief, allege that at all times mentioned herein, Target was and is a corporation organized under the laws of the State of Minnesota and authorized to do business and doing business throughout the State of California and throughout the County of San Bernardino.

3. Representative Plaintiffs are unaware of the true names and capacities, whether corporate or individual, or otherwise, of defendants named as DOES 1 though 10, inclusive. Pursuant to California Code of Civil Procedure section 474, Representative Plaintiffs will seek leave of court to amend this complaint to state said defendants' true names and capacities when the same have been ascertained. Representative Plaintiffs are informed and believe and based on such information and belief allege that said fictitiously-named defendants are responsible in some manner for the injuries and damages to Representative Plaintiffs and the putative class as further alleged herein.

4. This is a Class Action Complaint, pursuant to California Code of Civil Procedure section 382, on behalf of the Representative Plaintiffs and all other persons similarly situated who worked for Target in a Distribution Center in California between March 21, 2019 and the date of trial, as a non-exempt hourly employee (hereafter "Class Members") for: (i) failure to pay overtime compensation in violation of Labor Code sections 510, 558, 1194, and 1198; (ii) failure to provide adequate itemized wage statements in violation of Labor Code section 226; and (iii) failure to pay waiting time penalties in violation of Labor Code section 203.

5. This action only seeks damages and penalties from March 21, 2019 to the date of trial ("Class Period"). During this Class Period, Defendants have had a consistent policy of failing to pay for all overtime hours (including double time) worked (after 8 hours in a day/shift) by the Class Members.

6. From March 21, 2019 through to the present, Defendants have had a consistent policy of failing to provide to its Distribution Center non-exempt hourly employees in California, itemized wage statements that included the correct gross wages earned, the correct net wages earned, and the correct hourly rates in effect during the pay period and the corresponding correct number of hours worked at each hourly rate, including straight, overtime and double time hours and rates.

## VENUE AND JURISDICTION

7. Venue is proper under California Code of Civil Procedure section 395 and under California Government Code section 12965(b), in that Representative Plaintiffs' injuries were incurred within the County of San Bernardino, the actions giving rise to Representative Plaintiffs' complaint arose within the County of San Bernardino, and Defendant is located in the County of San Bernardino.

## STATEMENT OF FACTS

8. Representative Plaintiff Ornelas was hired by Target as a "Warehouse Worker" in Defendant's "Distribution Center" located in Fontana, California. Representative Plaintiff Ornelas worked for Target as a "Warehouse Worker" in the

Fontana Distribution Center during the Class Period.

9. Representative Plaintiff Robinson was hired by Target as a "Warehouse Worker" in Defendant's "Distribution Center" located in Woodland, California. Representative Plaintiff Robinson worked for Target as a "Warehouse Worker" in the Woodland Distribution Center during the Class Period.

10. During the entire period of their employment with Defendants, Representative Plaintiffs were dedicated and exemplary employees, and performed their duties as a "Warehouse Worker" for Defendants in a diligent and thorough manner.

11. While employed with Defendants, Representative Plaintiffs and the putative Class Members were regularly required to work shifts in excess of 8 hours without the payment of overtime after 8 hours of work in day/shift.

12. Defendants have had a consistent policy of failing to pay for overtime hours after 8 hours of work in a day/shift by the Defendants' non-exempt hourly Distribution Center employees in California in violation of California law.

13. Furthermore, Defendants' wage statements listed the incorrect rates of pay, hours worked and incorrect earnings as a result of their failure to pay overtime after 8 hours of work in a day/shift.  Thus, the total gross and net earnings, as well as straight time and overtime hours listed on the employees' pay stubs are incorrect as they do not include the correct number of straight or overtime hours as the Defendants did not pay overtime after 8 hours in a day/shift even though employees were regularly scheduled to work 10 hour and 12 hour shifts.

## CLASS ACTION ALLEGATIONS

14. Representative Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Section 382 of the Code of Civil Procedure.

15. Representative Plaintiffs seek to represent Classes composed of and defined as follows:

16. **Failure to Pay Overtime Class**. All persons who are employed or have been employed by Defendants in California in a Distribution Center in a non-exempt position that are or were not paid overtime (including double time) for all work after 8 hours in a day/shift from March 21, 2019 to the date of trial.

17. Representative Plaintiffs also seek to represent a Class composed of and defined as follows:

18. **Waiting Time Penalties Class.** All persons who are employed or were employed by Defendants in California in a Distribution Center in a non-exempt position from March 21, 2019 to the date of trial that did not receive all wages owed to them at the time of their termination.

19. Representative Plaintiffs also seek to represent a Class composed of and defined as follows:

20. **Itemized Wage Statement Class.** All persons who are employed or have been employed by Defendants in California in a Distribution Center in a non-exempt position from March 21, 2019 to the date of trial, that did not receive an itemized wage statement that listed the correct straight and/ or overtime hours that the employee worked in the pay period, and/or the correct gross and/or net wages earned.

21. This action has been brought and may properly be maintained as a class action under the provisions of Section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A. Numerosity**

22. The potential members of the Classes as defined are so numerous that joinder of all the members of the Classes is impracticable. While the precise number of class members for each Class has not been determined at this time, Representative Plaintiffs are informed and believe that Defendants currently employ, and during the relevant time period employed, hundreds of employees in the State of California, in

non-exempt positions at approximately 7 Distribution Centers, including but not limited to warehouse workers, operations team members, utility attendants, packers, fulfillment center team members, and maintenance mechanics, in San Bernardino County and throughout California, who are or have been affected by Defendants' unlawful and uniform policies of: (1) failing to pay for all overtime worked after 8 hours in a day/shift; (2) utilizing an unlawful and/or improper alternative workweek schedule; (3) failing to pay all wages at termination; and (4) failure to provide accurate itemized wage statements.

23. Upon information and belief, Representative Plaintiffs allege that the Defendants' employment records will provide information as to the number and location of all members of the Classes. Joinder of all members of the proposed Classes is not practicable.

**B. Commonality**

24. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

 (a) Whether the alternative workweek schedules Defendants utilized in their Distribution Centers in California were lawful;

 (b) Whether Defendants violated Labor Code Section 203 by failing to pay overtime wages due and owing at the time of termination of employment for the putative Class Members; and

 (c) Whether Defendants violated Labor Code section 226 for the failure to furnish its employees with a complete and accurate itemized wage statement.

**C. Typicality**

25. The claims of the Representative Plaintiffs are typical of the claims of the Classes. Representative Plaintiffs and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of

conduct in violation of the law as alleged therein.

### D. Adequacy of Representation

26. The Representative Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes. Counsel who represents the Representative Plaintiffs are competent and experienced.

### E. Superiority of Class Action

27. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes. Each member of each Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to properly compensate the Class Members as alleged above.

28. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Representative Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
## (FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF LABOR CODE §§ 510, 558, 1194, and 1198)
**(By Representative Plaintiffs Against Defendant Target Corporation and Does 1 through 10, inclusive)**

29. Representative Plaintiffs hereby re-alleges and incorporate all preceding paragraphs as though fully set forth herein.

30. Defendants have had a consistent policy of failing to pay overtime wages to its hourly non-exempt Distribution Center employees in California in violation of California state wage and hour laws by having employees work without

the payment of overtime after 8 hours of work in a day/shift. Defendants in part utilize unlawful alternative workweek schedules in order to avoid paying lawfully earned overtime, including double time. This practice systematically undercompensated members of the Class throughout the Class Period. Additionally, some Class Members would not receive overtime for all of the hours worked on their shift as the Defendants defined the workday and workweek in such a manner as to deprive Class Members of all overtime that they were due by having the workday begin and end during their shift so that all of the hours worked on the shift were not included in the calculation of their overtime.

31. As a result of the unlawful acts of Defendants, Representative Plaintiffs and the putative Class Members have been deprived of their full overtime wages in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 218.5, 510, 558, 1194, and 1198.

## SECOND CAUSE OF ACTION

## (FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226)

**(By Representative Plaintiffs Against Defendant Target Corporation and Does 1 through 10, inclusive)**

32. Representative Plaintiffs hereby re-allege and incorporates all preceding paragraphs as though fully set forth herein.

33. Section 226 of the California Labor Code requires Defendants to provide itemized wage statements at the time of payment of wages which include but are not limited to the following: the correct gross wages earned; the correct total hours worked by the employee; the correct net wages earned; the inclusive dates of the period for which the employee is paid; and all applicable hourly rates in effect during the pay period and the corresponding correct number of hours worked at each hourly rate by the employee.

34. Representative Plaintiffs contend that they and the putative Class Members have been injured by Defendants' failure to provide all of the requisite information on its itemized wage statements in that such failure, *inter alia*, masks possible and actual underpayments to Defendants' employees; and make it difficult for Defendants' employees to verify that they have in fact been paid the proper amounts owing for all hours worked. Said conduct was done knowingly and intentionally since Defendants are aware of California law and that it was not paying its employees for all overtime hours worked with the design to harm Representative Plaintiffs and the putative Class Members.

## THIRD CAUSE OF ACTION

### (FAILURE TO PAY WAITING TIME PENALTIES

### IN VIOLATION OF LABOR CODE § 203)

**(By Representative Plaintiffs Against Defendant Target Corporation and Does 1 through 10, inclusive)**

35. Representative Plaintiffs hereby re-allege and incorporate all preceding paragraphs as though fully set forth herein.

36. California Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

37. California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either Sections 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

38. Defendants willfully failed and refused to timely pay overtime compensation to putative Class Members whose employment terminated. As a result, Defendants are liable to these putative Class Members for waiting time penalties, together with costs, under Labor Code section 203.

///

39. As a result of Defendants' unlawful conduct, Representative Plaintiffs and putative Class Members have suffered damages in an amount, subject to proof, as they were not paid all wages due. The precise amount of unpaid wages is not presently known to Representative Plaintiff but can be determined directly from Defendants' records.

40. As a result of these violations, Representative Plaintiffs and the members of the Class have been damaged in an amount according to proof at the time of trial, an amount which at this time is less than $5,000,000.00 but still in excess of the minimum jurisdiction of this Court.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF LABOR CODE § 2699, *ET SEQ*.)

**(By Representative Plaintiffs Against Defendant Target Corporation and Does 1 through 10, inclusive)**

41. Representative Plaintiffs hereby re-allege and incorporates all preceding paragraphs as though fully set forth herein.

42. California Labor Code section 2699 *et. seq.* provides employees with a private right of action to remedy an employer's failure to comply with Labor Code sections designated in Labor Code section 2699.5. Labor Code sections 201, 202, 203, 204, 223, 226, 510, 511, 558, 1194, 1198, all of which Defendants have violated as alleged above and as stated in Exhibit "A" Plaintiff's Notice to the Labor Workforce Development Agency which is incorporated by reference. Penalties for violations under Labor Code section 2699(f)(2) are one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200.00) per subsequent violation for each aggrieved employee per pay period.

43. Representative Plaintiffs have exhausted the administrative prerequisites to file a claim under Labor Code section 2699 by sending notice by certified mail and via electronic submission to the California Labor Workforce and Development

Agency on August 16, 2019 along with a copy to Defendants. (Attached hereto as Exhibit "A.") It has been over 65 days since the mailing/submission and Representative Plaintiffs have not received confirmation from the LWDA that it will not investigate the complaint within the time limits set forth in Labor Code section 2699.3(a)(2).

44. As the administrative process has been exhausted under Labor Code section 2699.3, Representative Plaintiffs seek to recover, on behalf of themselves and others similarly situated, civil penalties to be distributed according to statute.

45. As provided for in Labor Code section 2699.3(d), Representative Plaintiffs are entitled to recover civil penalties, on behalf of themselves and others similarly situated, for the one-year period beginning with the Section 2699 demand letter, the necessary precursor to this claim.

46. Labor Code section 2699(g)(1) provides for attorneys' fees and costs to the prevailing employees for disputes under the Labor Code. Representative Plaintiffs thus seek to recover attorneys' fees and costs expended in recovering these penalties on behalf of themselves and others similarly situated.

47. Labor Code section 2699.3(a)(2)(C) provides for automatic leave to amend an existing complaint to add a Labor Code section 2699 claim as a matter of right.

48. THEREFORE, Representative Plaintiffs and the individuals they seek to represent request relief as described below.

## **PRAYER**

THEREFORE, Representative Plaintiffs prays for judgment against defendant Target Corporation, and Does 1 through 10, and each of them, as follows:

1. For unpaid wages pursuant to the California Labor Code as set forth above;

2. For damages and/or penalties, an award of costs and reasonable attorney's fees pursuant to the California Labor Code as set forth above;

3. For prejudgment interest pursuant to California Civil Code section 3287 and/or section 3288;

4. For attorneys' fees, interests and costs of suit pursuant to Labor Code sections 218.5, 1194(a), 2699 et seq., and Code of Civil Procedure section 1021.5; and

5. For such other and further relief as the Court deems just and proper.

Dated: October 23, 2019

BECERRA LAW FIRM
JOSEPH R. BECERRA

By: /s/ Joseph R. Becerra
Joseph R. Becerra

Attorneys for Representative Plaintiffs Joseph D. Ornelas and Rodney Alan Robinson, Jr.

Dated: October 23, 2019

GLEASON & FAVAROTE, LLP
TOREY JOSEPH FAVAROTE
JING TONG

By: /s/ Torey Joseph Favarote[1]
Torey Joseph Favarote

Attorneys for Representative Plaintiffs Joseph D. Ornelas and Rodney Alan Robinson, Jr.

---

[1] All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: October 23, 2019               BECERRA LAW FIRM
                                      JOSEPH R. BECERRA

                                      By: /s/ Joseph R. Becerra
                                              Joseph R. Becerra

                                      Attorneys for Representative Plaintiffs
                                      Joseph D. Ornelas and Rodney Alan
                                      Robinson, Jr.


Dated: October 23, 2019               GLEASON & FAVAROTE, LLP
                                      TOREY JOSEPH FAVAROTE
                                      JING TONG

                                      By: /s/ Torey Joseph Favarote
                                              Torey Joseph Favarote

                                      Attorneys for Representative Plaintiffs
                                      Joseph D. Ornelas and Rodney Alan
                                      Robinson, Jr.

# EXHIBIT A



# BECERRA
L  A  W  F  I  R  M
EMPLOYMENT LAW ADVOCATES

DIRECT DIAL: (213) 542-8501
DIRECT FACSIMILE: (213) 542-5556
JBECERRA@JRBECERRALAW.COM

August 16, 2019

**SENT VIA CERTIFIED MAIL**

TARGET CORPORATION
c/o C T Corporation System
Agent for Service of process
818 W. 7th St., Ste. 930
Los Angeles, CA 90017

**SENT VIA ELECTRONIC SUBMISSION**

DEPARTMENT OF INDUSTRIAL RELATIONS
Accounting Unit
455 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102

**Re:   CALIFORNIA LABOR CODE § 2699.3 PAGA NOTICE**
*Joseph D. Ornelas and Rodney Alan Robinson, Jr. v. Target Corporation*

To Whom It May Concern:

    I am writing on behalf of the aggrieved employees Joseph D. Ornelas and Rodney Alan Robinson, Jr. This notice is being made to the California Labor & Workforce Development Agency ("LWDA") pursuant to the requirement of Labor Code section 2699.3, to notify the LWDA that Mr. Ornelas and Mr. Robinson (hereinafter collectively referred to as the "PAGA Representatives"), as well as other aggrieved current and former non-exempt employees that worked for Target Corporation (hereinafter the "Employer" or "Target") in one of its Distribution Centers in California (the "Aggrieved Employees") from March 21, 2019 to the present and continuing were: (1) not paid overtime after 8 hours of work in a day in violation of Labor Code §§ 510, 558, 1198, and 1199; (2) not timely paid for all wages in violation of Labor Code §§ 201, 202, 203, 204, 223, 510, 558, 1194, and 1198 and the Industrial Welfare Commission ("IWC") Wage Orders; (3) not provided accurate itemized wage statements in violation of Labor Code § 226(a); and (4) not paid all wages due at the time of termination in violation of Labor Code §§ 201-203.

    The PAGA Representatives' claim for unpaid overtime is in part based on Target's usage and reliance on Alternative Workweek Schedules ("AWS") that purportedly enabled Target to avoid paying overtime for employees working shifts in excess of 8 hours. Most of the Aggrieved Employees, including the PAGA Representatives, worked an AWS of either 4 days a week, 10

August 16, 2019
Department Of Industrial Relations
Page 2

hours a day ("4/10 Schedule") or 3 days a week, 12 hours a day ("3/12 Schedule") and were not paid overtime after 8 hours in a day. The PAGA Representatives challenge the validity of Target AWS's as the company failed to adhere to all procedural requirements prior to implementing these AWS.

An employer has the burden of establishing all of the required elements if it seeks to rely on an AWS to evade its obligation to pay employees overtime after 8 hours of work in a day. Maldonado v. Epsilon Plastics, Inc., 22 Cal. App. 5th 1308 (2018). First, the proposal for the AWS must be in the form of a written agreement and must designate a regularly scheduled alternative workweek in which the specified number of workdays and work hours are regularly recurring. Id.; IWC Wage Orders § 3(C)(1). The employer may propose a single work schedule that would become the standard schedule for workers in the work unit, or a menu of work schedule options, from which each employee in the unit would be entitled to choose. Wage Orders § 3(C)(1). If the employer proposes a menu of work schedule options, the employee may, with the approval of the employer, move from one menu option to another. Wage Orders § 3(C)(1). In order to be valid, the proposed AWS must be adopted in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the affected employees in the work unit. Id.; Wage Orders § 3(C)(2), see also Labor Code § 511. The PAGA Representatives contend that Target failed to follow all of these requirements.

Prior to the secret ballot vote, the employer is required to make a disclosure in writing to the affected employees, which must include the effects of the proposed arrangement on the employees' wages, hours and benefits. Wage Orders § 3(C)(3). The disclosure shall include meetings, duly noticed and held at least 14 days prior to voting, for the specific purpose of discussing the effects of the alternative workweek schedule. Id., Wage Orders § 3(C)(3). The employer must also provide the disclosure "in a non-English language, as well as in English, if at least 5% of the affected employees primarily speak that non-English language." Wage Orders § 3(C)(3). The employer shall mail the written disclosures to employees who do not attend the meeting. The Wage Order clearly provides that the employer's "failure to comply with this paragraph shall make the election null and void." Wage Orders § 3(C)(3). The PAGA Representatives contend that Target failed to follow all of these requirements as well.

The Wage Orders and Labor Code § 511 also provide that only secret ballots may be cast by affected employees in the work unit, and the results of the election must be reported by the employer to the Office of Policy, Research and Legislation within 30 days after results are final. Additionally, the employer cannot intimidate or coerce employees to vote either in support of or in opposition to the proposed alternative workweek schedule. Wage Orders § 3(C)(8).

The PAGA Representatives challenge the validity of Target's AWS's. Employees that work pursuant to an AWS for Target were and are improperly denied overtime, including double time, after 8 hours of work in a day as required by state law.

The PAGA Representatives' claim for violation of Labor Code § 203 is derivative of the unpaid overtime claim described above. It is a fundamental policy of California law that employees who are discharged or who resign are owed their final wages immediately, or within 72 hours, as prescribed by Labor Code Sections 201 and 202. (Davis v. Morris, 37 Cal.App.2d

August 16, 2019
Department Of Industrial Relations
Page 3

269, 274 (1940).) Labor Code Section 203 provides for a penalty of daily wages for up to 30 calendar days. This 30-day period is calculated using a daily rate of pay – and multiplying by 30. (Mamika v. Barca, 68 Cal.App.4th 487, 493-94 (1998).) Section 203 does not require that the employer intended the action; merely that the action occurred and was within the employer's control. (8 C.C.R. § 13520; see also Davis v. Morris, 37 Cal.App.2d 269 (1940).) In other words, the PAGA Representatives need not establish that Target intended to underpay its employees. Rather, the PAGA Representatives need only prove that Target could have paid them all unpaid wages earned and failed to do so.

This letter sets forth the specific provisions of the California Labor Code and IWC Wage Orders that have been violated by Target and the facts and theories supporting those violations pursuant to California Labor Code section 2699.3.

Very truly yours,

Becerra Law Firm

Joseph R. Becerra

# PROOF OF SERVICE

I, Torey Joseph Favarote, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Boulevard, Suite 300, Long Beach, CA 90807.

On October 23, 2019, I served a copy(ies) of the following document(s):

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| JEFFREY D. WOHL<br>RYAN D. DERRY<br>ANNA M. SKAGGS<br>JEFFREY G. BRIGGS<br>PAUL HASTINGS LLP<br>101 California Street, 48th Floor<br>San Francisco, California 94111<br>Tel:   (415) 856-7000<br>Fax:   (415) 856-7100<br>jeffwohl@paulhastings.com<br>ryanderry@paulhastings.com<br>annaskaggs@paulhastings.com<br>jeffreybriggs@paulhastings.com | Attorneys for Defendant TARGET CORPORATION | CM/ECF |

☒ [BY CM/ECF SYSTEM] I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare that I am a member of the bar of this court. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on October 23, 2019, at Long Beach, California.

/s/ Torey Joseph Favarote<br>
Torey Joseph Favarote